UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GWENDOLYN WILLIAMS,

    Plaintiff,

v.                                                           Case No. 8:25-cv-473-KKM-LSG

OAKLEY TRANSPORT, INC.,

    Defendant.
_____

## ORDER

Oakley Transport, Inc., moves for partial summary judgment on several counts of Gwendolyn Williams's employment-discrimination complaint because her claims are timed-barred. Am. Mot. for Summ. J. (MSJ) (Doc. 23). Because her claims are timely, the motion is denied.

I.     BACKGROUND

The relevant facts are undisputed. Williams sues Oakley, her former employer, for employment discrimination and retaliation under federal and Florida law. *See* Am. Compl. (Doc. 12) ¶¶ 27, 31–82. She filed a Charge of Discrimination with the federal Equal Employment Opportunity Commission in February 2023. Joint

Statement of Undisputed Facts (JSUF) (Doc. 22) ¶ 1; *see* (Doc. 21) at 3 (Charge of Discrimination). On June 9, 2023, the EEOC issued Williams a Determination of Charge and Notice of Right to Sue, JSUF ¶ 2, which informed Williams that "[t]he EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute," (Doc. 21) at 4. The notice also told her that she had ninety days to file an action under federal law but that "[t]he time limit for filing a lawsuit based on a claim under state law may be different." (Doc. 21 at 4). Williams filed this action in state court on November 13, 2024—over a year after the EEOC issued the right-to-sue notice. *See* Compl. (Doc. 1-1); State Court Docket Sheet (Doc. 1-2); *see also* Notice of Removal (Doc. 1).

Oakley contends that the EEOC's right-to-sue notice triggered a one-year limitations period in § 760.11, Florida Statutes, so any claims under the Florida Civil Rights Act are time-barred. *See* MSJ at 4–11. On that basis, Oakley moves for summary judgment on Williams's FCRA counts—Count I (race discrimination), Count III (sex discrimination), Count IV (disability discrimination), and Count V (retaliation)—as untimely. *See id.*; Am. Compl. ¶¶ 31–38, 46–69.

2

Because the parties agree on the relevant facts, summary judgment is appropriate if Oakley is right on the law. *See* FED. R. CIV. P. 56(a); *see also Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 293 (11th Cir. 1988).

II. ANALYSIS

Oakley argues that Williams's FCRA claims are barred because she failed to sue within one year of receiving her right-to-sue notice from the EEOC. Oakley is mistaken. The right-to-sue notice did not trigger a one-year limitations period under § 760.11. Because Williams sued within the general four-year limitations period that Florida law provides for statutory actions, her FCRA claims are timely.

### A. The EEOC Right-to-Sue Notice Did Not Trigger § 760.11(8)(c)'s One-Year Time Limit, So Williams's Claims are Timely

The FCRA requires administrative exhaustion before a civil-rights plaintiff may file a civil action. *See* 760.11(1), Fla. Stat.; *Steak N Shake, Inc. v. Ramos*, --- So. 3d ----, 2025 WL 1901372, at *2 (Fla. 2025). A plaintiff must file a complaint with the Florida Commission on Human Relations "within 365 days of the alleged violation." 760.11(1), Fla. Stat. Alternatively, a plaintiff may file a complaint "with the [EEOC] or with any unit of government of the state which is a fair-employment-practice agency." *Id.* A plaintiff may also "dual-fil[e]" a complaint with both the EEOC and the FCHR. *E.g., Sheridan v. Fla., Dep't of Health*, 182 So. 3d

787, 791 (Fla. 1st DCA 2016). Within 180 days, "the commission shall determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the [FCRA]." § 760.11(3), Fla. Stat.

Once the 180 days have run, the FCRA contemplates three possible outcomes, with corresponding options for the plaintiff. First, "[i]f the commission determines that there is reasonable cause to believe that a discriminatory practice has occurred," then the plaintiff may either sue or "[r]equest an administrative hearing." § 760.11(4), Fla. Stat. If the plaintiff chooses to sue, then he must do so "no later than 1 year after the date of determination of reasonable cause." *Id.* § 760.11(5). Second, [i]f the commission determines that there is not reasonable cause to believe that" the FCRA has been violated, then the plaintiff has thirty-five days to request an administrative hearing. *Id.* § 760.11(7). Third, "[i]f the commission fails to conciliate or determine whether there is reasonable cause on any complaint" within 180 days, then the plaintiff may sue or request a hearing as if the commission had found reasonable cause under § 760.11(4). *Id.* § 760.11(8)(a). The commission must also give the plaintiff a notice informing her of that outcome and her rights:

> The commission shall promptly notify the aggrieved person of the failure to conciliate or determine whether there is reasonable cause. The notice shall provide the options available to the aggrieved person under subsection (4) and inform the aggrieved person that he or she must file

4

a civil action within 1 year after the date the commission certifies that the notice was mailed.

*Id.* § 760.11(8)(b). A plaintiff has "1 year after the date the commission certifies that the notice was mailed" under § 760.11(8)(b) to sue. *Id.* § 760.11(8)(c).

Additionally, the Florida Supreme Court has held that, absent another applicable limitations period, the four-year period provided by § 95.11(3)(e), Florida Statutes governs FCRA actions. *See Joshua v. City of Gainesville*, 768 So. 2d 432, 437–38 (Fla. 2000); *see also Hullinger v. Ryder Truck Rental, Inc.*, 548 So. 2d 231, 233 (Fla. 1989). In *Joshua*, the Florida Supreme Court addressed which limitations period applied to a FCRA action when the commission had failed to conciliate or determine whether there was reasonable cause for a complaint, as the FCRA did not clearly provide one at the time.[1] *See* 768 So. 2d. at 433. For several reasons, the court concluded that the one-year limitations period in § 760.11(5) did not apply, holding

---

[1] When *Joshua* was decided, § 760.11(8) read in full:

> In the event that the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days of the filing of the complaint, an aggrieved person may proceed under subsection (4), as if the commission determined that there was reasonable cause.

5

instead that the four-year period from § 95.11(3)(e)[2] applied. *See Joshua*, 768 So. 2d. at 436–37.

Section 95.11(3)(e)'s four-year period applies here as well. Recall, here the EEOC issued a right-to-sue notice. Even if an EEOC right-to-sue notice may sometimes satisfy § 760.11(8)'s notice requirement,[3] this one does not. It does not "[1] provide the options available to the aggrieved person under subsection (4) and [2] inform the aggrieved person that he or she must file a civil action within 1 year after the date the commission certifies that the notice was mailed." § 760.11(8)(b), Fla. Stat. Instead, the right-to-sue notice says only that "[t]he time limit for filing a

---

[2] Section 95.11(3)(f) at the time.

[3] The First District Court of Appeals recently concluded that an EEOC notice per se does not satisfy § 760.11(8)(b) because that section requires a notice from "[t]he commission," and the FCRA defines "commission" to mean "the Florida Commission on Human Relations." 760.02(2), Fla. Stat.; *see Davis v. Big Bend Hospice, Inc.*, --- So. 3d ----, 2025 WL 2404935, at *6 (Fla. 1st DCA 2025) ("[W]e disagree . . . that an EEOC right-to-sue notice may serve as FCHR notice under section 760.11(8)(b)."); *see also* Resp. (Doc. 25) at 4 ("[T]he right-to-sue letter Williams received did not comply with § 760.11(8), Fla. Stat., as it was issued by the EEOC, not the FCHR."). Given that "[u]nder Florida's workshare agreement, the EEOC and the [FCHR] each designate the other as an agent for the purposes of receiving and drafting charges," it seems counterintuitive to conclude that the EEOC cannot act on behalf of the FCHR in issuing a notice that otherwise complies with § 760.11(8)(b). *Ramos v. Steak N Shake, Inc.*, 376 So. 3d 100, 103 (Fla. 2d DCA 2023), *opinion approved of*, --- So. 3d ----, 2025 WL 1901372 (Fla. 2025). Because, in any event, this EEOC right-to-sue notice does not comply with § 760.11(8)(b), I need not decide whether such a notice always fails to satisfy the statute's notice requirement.

lawsuit based on a claim under state law may be different" from the ninety days to sue permitted a plaintiff under federal law. (Doc. 21) at 4. More, the record does not reflect a certification "that the notice was mailed" under § 760.11(8)(b). *See* § 760.11(8)(c), Fla. Stat. The EEOC notice did not trigger § 760.11(8)(c)'s one-year limitations period, so § 95.11(3)(e)'s four-year period applies to Williams's FCRA claims. *See Marbury v. SDH Services W., LLC*, 662 F. Supp. 3d 1220, 1223 (N.D. Fla. 2023) (concluding that § 95.11(3)(e) applied when an EEOC right-to-sue notice failed to meet § 760.11(8)(b)); *Ruffin v. Open Door Corp.*, No. 3:23CV3136-TKW-ZCB, 2023 WL 3018433, at *2 (N.D. Fla. Apr. 20, 2023) (same); *Strachan v. Ajax Bldg. Co., LLC*, No. 4:23CV112-RH-MAF, 2023 WL 5112017, at *1 (N.D. Fla. Apr. 10, 2023) (same); *see also Netherland v. Aden*, No. 3:25CV692-TKW-HTC, 2025 WL 2408546, at *3 (N.D. Fla. Aug. 19, 2025) (concluding that FCHR notice that did not satisfy § 760.11(8)(b) did not trigger one-year period). Williams's FCRA claims are thus timely.

## B. Oakley's Contrary Arguments Do Not Persuade

Oakley offers several bases for concluding that Williams's claims are untimely. None are persuasive.

Oakley mainly relies on *Aleu v. Nova Southeastern University, Inc.*, 357 So. 3d 134 (Fla. 4th DCA 2023). *See* MSJ at 4–11; Reply at 2–5. In *Aleu*, the court concluded that an EEOC right-to-sue notice qualified as a "fail[ure] to conciliate or determine whether there is reasonable cause" under 760.11(8) and triggered both the right to sue under subsection (4) and the one-year limitation period under subsection (5). 357 So. 3d at 139. It distinguished *Joshua* because Aleu received some notice from an investigating agency apprising her of her complaint's resolution. *Id.* at 141. The *Aleu* court thus held that the one-year time bar applied. *Id.* at 141–42.

Because the *Aleu* court faced a different version of § 760.11(8) than is in force here, it is not on point. *Aleu* applied the earlier version of subsection (8), which did not include the notice requirements in paragraph (b) or the limitations period in paragraph (c). *See* 357 So. 3d at 142 n.2; *see also supra* n.1 (reciting the older language); Ch. 2020-153, § 3, at 2, Laws of Fla. (amending § 760.11, Fla. Stat.). While *Aleu* was decided after the amendments, and it said that the amendments to § 760.11(8) would not have affected its decision had it applied them retroactively, it failed to explain why. *See* 357 So. 3d at 142 n.2. *Aleu* is therefore unpersuasive.

To the extent that Oakley relies on *Woodham v. Blue Cross and Blue Shield of Florida, Inc.*, 829 So. 2d 891 (Fla. 2002), that case is not on point. *See* MSJ at 9–

8

10; *Aleu*, 357 So. 3d at 139. *Woodham* held only that an EEOC right-to-sue notice was not a "no cause" determination under § 760.11(3) and that even if it was, it was untimely and did not bar a civil action under § 760.11(4). 829 So. 2d at 897, 899. *Woodham* says nothing about if or when an EEOC right-to-sue notice can trigger § 760.11(8).

Oakley's argument that the right-to-sue notice triggers the one-year limitations period because it substantially complies with § 760.11(8)(b) is also unpersuasive. *See* Reply at 5–6. In support of this argument Oakley relies on *Fidelity and Deposit Co. of Maryland v. Delta Painting Corp.*, a case that arose from a challenge to a mechanic's lien and recognized that substantial compliance may sometimes suffice to satisfy a statutory notice requirement. *See* 529 So. 2d 781, 782–83 (Fla. 4th DCA 1988). Yet the Florida Supreme Court has explained that consideration of substantial compliance is permitted "when there are specific statutory exceptions which permit [its] consideration," citing, among other things, the mechanic's lien statute at issue in *Delta Painting*. *Stresscon v. Madiedo*, 581 So. 2d 158, 160 (Fla. 1991) (citing § 713.06(2)(c), Fla. Stat. (1987) (requiring a notice to "be in substantially" the prescribed form)). The FCRA contains no language allowing substantial compliance to suffice. And its instruction that it be "liberally

9

construed" "to secure for all individuals within the state freedom from discrimination" weighs against reading § 760.11(8)(c) to close the courtroom doors absent the notice subsection (8) requires. § 760.01(2), (3), Fla. Stat.; see *Joshua*, 768 So. 2d at 435 ("[C]hapter 760 is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the Legislature."); cf. *Woodham*, 829 So. 2d at 897 (holding that an EEOC right-to-sue notice was not a "no cause" determination under § 760.11(3) because it failed to provide the notice required by the FCRA).[4] This argument fails.

## III. CONCLUSION

Oakley's arguments fail to establish that Williams's FCRA claims are subject to § 760.11(8)(c)'s one-year limitations period.[5] Accordingly, Oakley Transport, Inc.'s Amended Motion for Partial Summary Judgment (Doc. 23) is **DENIED**.

---

[4] I do not address a case in which the FCHR or EEOC has "certifie[d] that the notice was mailed pursuant to paragraph (b)," yet the actual notice failed to meet paragraph (b)'s requirements. § 760.11(8)(c), Fla. Stat. Williams has not argued that the limitations period has not started to run for lack of certification. *See* Resp.

[5] Oakley does not address, nor do I, whether Williams's FCRA causes of action have accrued in the absence of the required statutory notice. *See Davis*, 2025 WL 2404935, at *4 ("[T]he administrative process is not exhausted, and a civil cause of action does not accrue, until FCHR complies with its ministerial duty to certify that it has served notice. Only then can a complainant seek a civil remedy.").

**ORDERED** in Tampa, Florida, on September 8, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge